TRIPLETT, WOOLF & GARRETSON, LLC
2959 NORTH ROCK ROAD, SUITE 300
WICHITA, KANSAS 67226
Telephone:    316.630.8100
Facsimile:    316.630.8101
www.twgfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WATCHOUS ENTERPRISES, L.L.C. ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> PACIFIC NATIONAL CAPITAL, ) <br> WATERFALL MOUNTAIN USA LLC, and ) <br> WATERFALL MOUNTAIN LLC, WATERFALL ) <br> INTERNATIONAL HOLDINGS LIMITED ) <br> ) <br> Defendants. ) <br> ) | Case No. 16-1432 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Watchous Enterprises, LLC, by and through its attorneys James A. Walker and Grant D. Klise of Triplett, Woolf & Garretson, LLC, allege the following as its complaint:

### PARTIES & JURISDICTION

1.      Watchous Enterprises, L.L.C. ("Watchous") is a limited liability company organized and existing under the laws of Kansas, and its members and partners are all citizens of Kansas. Watchous' principal place of business is located in Harvey County, Kansas.

2.      Pacific National Capital ("Pacific") is a for-profit corporation organized and existing under the laws of California and its principal place of business is located in Irvine, California. Pacific may be served via its agent for service of process, Jeffrey W. Broker, at 18111 Von Karman Ave., Suite 460, Irvine, CA 92612.

#536751

1

3. Waterfall Mountain USA LLC is a limited liability company organized and existing under the laws of Utah that is active and in good standing and its principal place of business is located in American Fork, Utah. None of its members are citizens of Kansas. Waterfall Mountain USA LLC may be served via its registered agent Gordon Duval at 947 South 500 East, Suite 200, American Fork, UT 84003.

4. Waterfall Mountain International Holdings Limited is a foreign limited liability company organized and existing under the laws of the country of Ireland. Its principal place of business is American Fork, Utah and none of its members are citizens of Kansas. Waterfall Mountain International Holdings Limited may be served c/o William J. Mournes, Managing Director, at 947 South 500 East, Suite 200, American Fork, UT 84003.

5. Waterfall Mountain International Holdings Limited is the international division of the Waterfall Mountain Group.

6. Waterfall Mountain USA LLC is the United States division of Waterfall Mountain Group.

7. Waterfall Mountain LLC d/b/a the Waterfall Mountain Group, is a limited liability company organized and existing under the laws of Utah and its principal place of business is located in Utah. None of its members are citizens of Kansas. Waterfall Mountain LLC may be served with process via its registered agent Gordon Duval at 947 South 500 East, Suite 200, American Fork, UT 84003.

8. Waterfall Mountain USA LLC, Waterfall Mountain International Holdings LLC, and Waterfall Mountain LLC are hereinafter collectively referred to as "Waterfall."

9. William J. Mournes ("Mournes") is the Managing Director of Waterfall Mountain International Holdings Limited.

10. Mournes is the Managing Member of Waterfall Mountain USA LLC.

11. Jurisdiction is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

12. Venue is proper in the United States District Court for the District of Kansas, pursuant to 28 U.S.C. § 1391(b).

## FACTS ASSOCIATED WITH ALL COUNTS

13. On or about June 3, 2016, Watchous and Pacific executed a Non-Exclusive Placement and Consulting Fee Agreement (the "Agreement"). A copy of the Agreement is attached hereto as **Exhibit 1.**

14. The Agreement provided that Pacific was to act as a broker on behalf of Watchous to find a joint venture partner, lender, or equity investor with respect to certain oil and gas interests owned by Watchous.

15. Section 10 of the Agreement states that

> [Watchous] and [Pacific] agree that any suit or proceeding arising in connection with or with respect to this Agreement or [Watchous'] engagement of [Pacific] hereunder will be tried exclusively in the United States District Court, District of Kansas or any other court in Kansas having jurisdiction. This Agreement and any matters related to this engagement shall in all respects be governed by and construed in accordance with the internal laws of the State of Kansas without regard to conflict of law principles that would result in the application of any law other than the law of the State of Kansas.

16. On June 17, 2016, on July 11, 2016, and on July 12, 2016, Watchous and Pacific entered into amendments to the Agreement, attached hereto as **Exhibits 2, 3, and 4.**

17. The Agreement and its amendments stated that Pacific was only entitled to a fee upon the funding of a financial agreement by a joint venture partner, lender or equity investor that was specifically listed on Annex A.

3

#536751

18. On or about June 6, 2016, Watchous paid $12,600.00 to Pacific.

19. Waterfall Mountain Group is listed on Annex A.

20. On or about July 25, 2016, Pacific introduced Watchous to Waterfall in order to discuss the funding of an $80,000,000.00 joint venture.

21. Pacific made multiple representations regarding Pacific's history of successful transactions with Waterfall and Waterfall's suitability to become a joint venture partner.

22. On or about July 28, 2016, Watchous and Waterfall executed a Letter of Intent (the "LOI") which described the proposed structure of a joint venture between Watchous and Waterfall. A copy of the LOI is attached hereto as **Exhibit 5**.

23. Section 9 of the LOI states:

> Contemporaneous with execution and delivery of this LOI, Enterprises shall make a refundable deposit of One Hundred Seventy-Five Thousand Dollars ($175,000) to the Waterfall account at Chase Bank. This deposit shall be refunded upon the earlier of the Closing or the earlier termination of this LOI as provided in Section 10.

24. Section 10 of the LOI states:

> Either party may terminate this Agreement if the Definitive Agreements have not been executed by the parties on or before August 17, 2016, or if the other party to this LOI materially breaches its obligations under this LOI.

25. On or about July 29, 2016, pursuant to Section 9 of the LOI, Watchous made a deposit of One Hundred Seventy-Five Thousand ($175,000.00) Dollars to Waterfall's account (the "Deposit").

26. Waterfall made multiple representations as to its intent and ability to enter into a joint venture with Watchous.

27. Pursuant to Section 9 of the LOI, Waterfall was obligated to refund the Deposit to Watchous no later than August 17, 2016.

#536751

28. Watchous and Waterfall never came to an agreement regarding the terms of the joint venture and the Definitive Agreements, as defined in the LOI, were never signed.

29. On or about September 1, 2016, Watchous terminated the LOI.

30. Watchous is entitled to a refund of the Deposit.

31. Waterfall has made multiple representations that it intended to refund the Deposit.

32. Pacific has made multiple representations that Waterfall intended to refund the Deposit.

33. Watchous has yet to receive the refunded Deposit.

## COUNT I – BREACH OF CONTRACT
### (as to Defendant Pacific)

34. Watchous incorporates by reference the allegations set forth above in this Count, as if fully set forth herein.

35. Pacific, pursuant to the Agreement, had a duty to act in good faith towards Watchous and to keep Watchous informed of facts affecting its interests.

36. Pacific represented that it had conducted business with Waterfall, including successfully closing numerous prior financial transactions.

37. Unknown to Watchous, Mournes has been involved in prior lawsuits where adverse parties contended that Mournes misled them.

38. One court found that Mournes had "disastrous credit and judgment histories" and was "adept…in devising complex methods to obfuscate [his] transactions." *Titan Management, L.P. et al. v. James J. Licata, et al.*, Trial Superior Court of New Jersey, Docket No. L-7709-13, Trial Court Opinion, June 2, 2015, available at https://www.judiciary.state.nj.us/opinions/business/complex_business/MOCCO%20V%20%20LICATA%20OPINION%20ESX_L_7709_13%20Rothschild%20(Business%20Governance%20O

5

#536751

wnership%20Disputes).pdf.

39. Mark S. Zouvas ("Zouvas"), at Mournes' direction, acted on behalf of Waterfall.

40. Unknown to Watchous, Zouvas has been involved in prior lawsuits where adverse parties contended Zouvas misled them.

41. Pacific breached the Agreement when it failed to act in good faith towards Watchous.

42. Pacific breached the Agreement when it failed to inform Watchous of the risk of doing business with Waterfall due to its principal's and agent's past business and litigation history and debt.

43. Pacific's breach has caused damage to Watchous in an amount to be determined at trial, but in no event less than $186,600.00.

WHEREFORE, Watchous Enterprises, L.L.C. prays for judgment against Pacific National Capital, in an amount to be determined at trial, but in no event less than $186,600.00, exclusive of interests and costs, pre- and post-judgment interest as allowed by law; the costs of this action; and such other relief the Court deems just and proper.

## COUNT II – BREACH OF FIDUCIARY DUTIES
**(as to Defendant Pacific)**

44. Watchous incorporates by reference the allegations set forth above in this Count, as if fully set forth herein.

45. Pacific, pursuant to the Agreement, was an agent of Watchous.

46. Pacific owed fiduciary duties to Watchous, including the duty to perform due diligence and the duty to relay information which may affect Watchous' interests.

47. Pacific failed to perform due diligence on Waterfall.

48. Pacific represented to Watchous that Waterfall would be a suitable joint venture

6

#536751

partner.

49. Pacific failed to inform Watchous that it failed to perform due diligence on Waterfall.

50. Pacific failed to inform Watchous of all relevant and material facts known to Pacific that relate to Waterfall.

51. Pacific failed to inform Watchous that Mournes and Zouvas had been involved in prior lawsuits where adverse parties contended that Mournes misled them.

52. Pacific breached its fiduciary duties to Watchous.

53. Pacific's breach has caused damage to Watchous in an amount to be determined at trial, but in no event less than $186,600.00, as an actual and proximate result of Pacific's breaches.

WHEREFORE, Watchous Enterprises, L.L.C. prays for judgment against Pacific National Capital, in an amount to be determined at trial, but in no event less than $186,600.00, exclusive of interests and costs, pre- and post-judgment interest as allowed by law; the costs of this action; punitive damages; and such other relief the Court deems just and proper.

## COUNT III – NEGLIGENCE
(as to Defendant Pacific)

54. Watchous incorporates by reference the allegations set forth above in this Count, as if fully set forth herein.

55. Pacific had a duty to perform due diligence on entities Pacific intended to introduce to Watchous as ready and willing to enter into a financial agreement with Watchous.

56. Pacific had duties of trust and loyalty to Watchous.

57. Pacific had a duty to inform Watchous of all relevant facts related to Waterfall.

58. Pacific failed to perform due diligence as related to Waterfall.

59. Pacific failed to inform Watchous that it did not perform due diligence as it relates

7

#536751

to Waterfall.

60.     Pacific failed to inform Watchous of all relevant and material facts as it relates to Waterfall.

61.     Pacific failed to inform Watchous that Mournes and Zouvas had been involved in prior lawsuits where adverse parties contended that Mournes misled them.

62.     Pacific breached its duties owed to Watchous.

63.     Pacific's negligence has caused damage to Watchous in an amount to be determined at trial, but in no event less than $186,600.00, as an actual and proximate result of Pacific's breaches.

WHEREFORE, Watchous Enterprises, L.L.C. prays for judgment against Pacific National Capital, in an amount to be determined at trial, but in no event less than $186,600.00, exclusive of interests and costs, pre- and post-judgment interest as allowed by law; the costs of this action; punitive damages; and such other relief the Court deems just and proper.

## COUNT IV – FRAUD
**(as to all Defendants)**

64.     Watchous incorporates by reference the allegations set forth above in this Count, as if fully set forth herein.

65.     Between June 3, 2016 and July 28, 2016, Pacific represented in telephone conversations and electronic correspondence that it had conducted business with Waterfall, including successfully closing numerous prior financial transactions.

66.     Between June 3, 2016 and July 28, 2016, Pacific represented in telephone conversations and electronic correspondence, and as a result of its omissions, that Waterfall was a suitable joint venture partner for Watchous.

67.     On or about July 28, 2016, Waterfall represented via telephone conversations and

8

#536751

electronic correspondence that Waterfall had the ability to enter into a joint venture with Watchous.

68. In reliance upon Pacific's and Waterfall's representations, warranties, and omissions, Watchous entered into the LOI and transmitted the Deposit.

69. Pursuant to Section 9 of the LOI, Waterfall was obligated to refund the Deposit to Watchous no later than August 17, 2016.

70. On or about August 24, 2016, Pacific represented via electronic correspondence that Waterfall would refund the Deposit to Watchous by September 2, 2016.

71. On or about August 25, 2016, Waterfall represented via telephone conversations that the Deposit would be refunded to Watchous pursuant to the LOI, to be received by Watchous on or about September 14, 2016.

72. On or about September 16, 2016, Pacific represented via telephone conversations and electronic correspondence that Waterfall would refund the Deposit to Watchous on or about than September 19, 2016.

73. On or about September 23, 2016, Pacific represented via electronic correspondence that Waterfall would refund the Deposit no later than September 26, 2016.

74. On or about September 27, 2016, Waterfall represented via telephone conversations and electronic correspondence that the Deposit would be refunded to Watchous by September 29, 2016.

75. On or about October 7, 2016, Watchous against requested a refund of the Deposit.

76. Waterfall has refused and failed to refund the Deposit despite demand by Watchous.

77. Pacific knew or should have known that Waterfall had no intention to enter into a joint venture with Watchous and that Waterfall did not have the ability to enter into a joint venture with Watchous.

#536751

78. Pacific knew or should have known that Waterfall had no intention of refunding the Deposit.

79. Waterfall had knowledge that it had no intention to enter into a joint venture with Watchous and did not have the ability to enter into a joint venture with Watchous.

80. Waterfall had no intent to refund the Deposit.

81. Pacific intended that Watchous rely on its representations, warranties, and omissions.

82. Waterfall intended that Watchous rely on its representations, warranties, and omissions.

83. Watchous' reliance on Pacific's representations, warranties, and omissions was reasonable, foreseeable, and justifiable.

84. Watchous' reliance on Waterfall's representations, warranties, and omissions was reasonable, foreseeable, and justifiable.

85. Pacific's representations, warranties, and omissions, including regarding its prior transaction history with Waterfall, Waterfall's intent and ability to enter into a joint venture with Watchous, and Waterfall's refunding of the Deposit, were false and misleading.

86. Waterfall's representations, warranties, and omissions, including regarding its intent and ability to enter into a joint venture with Watchous and its refunding of the Deposit, were false and misleading.

87. Pacific knew, or should have known, that said representations, warranties, and omissions, including regarding the numerous prior successful transactions with Waterfall, Waterfall's intent and ability to enter into a joint venture with Watchous, and the refunding of the Deposit, were false and misleading when made and that Watchous would be relying upon them.

88. Waterfall knew, or should have known, that said representations, warranties, and omissions, including regarding its intent and ability to enter into a joint venture with Watchous and its refunding of the Deposit, were false and misleading when made and that Watchous would be relying upon them.

89. As a direct, proximate, and foreseeable result of the reliance by Watchous upon Pacific's representations, warranties, and omissions, Watchous sustained damages in an amount exceeding $186,600.00, exclusive of interests and costs.

90. As a direct, proximate, and foreseeable result of the reliance by Watchous upon Waterfall's representations, warranties, and omissions, Watchous sustained damages in an amount to be determined at trial, but in no event less than $186,600.00, exclusive of interests and costs.

WHEREFORE, Watchous Enterprises, L.L.C. prays for:

A. Judgment against Pacific National Capital, in an amount to be determined at trial, but in no event less than $186,600.00, exclusive of interests and costs; pre- and post-judgment interest as allowed by law, the costs of this action; punitive damages; and such other relief the Court deems just and proper;

B. Judgment against Waterfall Mountain USA LLC, in an amount to be determined at trial, but in no event less than $175,000.00, exclusive of interests and costs; pre- and post-judgment interest as allowed by law; the costs of this action; punitive damages; and such other relief the Court deems just and proper;

C. Judgment against Waterfall Mountain LLC, in an amount to be determined at trial, but in no event less than $175,000.00, exclusive of interests and costs; pre- and post-judgment interest as allowed by law; the costs of this action; punitive damages; and such other relief the Court deems just and proper.;

D. Judgment against Waterfall International Holdings Limited, in an amount to be determined at trial, but in no event less than $175,000.00, exclusive of interests and costs; pre- and post-judgment interest as allowed by law; the costs of this action; punitive damages; and such other relief the Court deems just and proper.

Respectfully submitted,

TRIPLETT, WOOLF & GARRETSON, LLC

By: */s/ James A. Walker*
    James A. Walker, #09037
    Grant D. Klise, #26810
    2959 North Rock Road, Suite 300
    Wichita, KS 67226
    Telephone: 316.630.8100
    Facsimile: 316.630.8101
    Email:   jawalker@twgfirm.com
             gdklise@twgfirm.com
    *Attorneys for Plaintiff*

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs requests that the trial of this matter be held in the United States District Court for the District of Kansas sitting at Wichita, Kansas.

>Respectfully submitted,
>
>TRIPLETT, WOOLF & GARRETSON, LLC
>
>By: */s/ James A. Walker*
>   James A. Walker, #09037
>   jawalker@twgfirm.com
>   *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues raised in this Complaint, as provided by law.

>TRIPLETT, WOOLF & GARRETSON, LLC
>
>By: */s/ James A. Walker*
>   James A. Walker, #09037
>   jawalker@twgfirm.com
>   *Attorneys for Plaintiff*

13

#536751