IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WATCHOUS ENTERPRISES, LLC,

Plaintiff,


vs.                                        Case No. 16-1432-JTM


PACIFIC NATIONAL CAPITAL, *et al.*,

Defendants.



MEMORANDUM AND ORDER


This action arises from a joint venture, and a subsequent settlement agreement, between plaintiff Watchous Enterprises and Waterfall Mountain USA LLC, Waterfall Mountain LLC, and Waterfall International Holdings Limited. Watchous has also named several additional parties as defendants, including Pacific National Capital.

Although the other defendants have appeared and submitted defenses to Watchous's claims, the Waterfall defendants have not. As a result, on July 6, 2017 Magistrate Judge O'Hara ordered the Waterfall defendants to show cause why default judgment should not be issued against them. (Dkt. 39). Waterfall has made no response to the order to show cause.

In addition to the July 6 order, Judge O'Hara, in the course of resolving a separate Motion to Quash (Dkt. 60) relating to a discovery dispute, issued an additional warning to

the Waterfall defendants that default judgment would be a likely consequence of its failure to defend the action. (Dkt. 68 at 4 n. 5). Again, Waterfall has offered no response to the warning.

Accordingly, for good cause shown and in light of their failure to appear and defend the action and their failure to respond to a specific directive of the court, the court hereby directs the Clerk of the Court to enter the Waterfall defendants' default on the docket, and determines that default judgment against defendants Waterfall Mountain USA LLC, Waterfall Mountain LLC, and Waterfall International Holdings Limited be entered pursuant to Fed.R.Civ.Pr. 55(b)(2).

However, "a default judgment also does not establish the amount of damages," and the party seeking judgment "must establish that the amount requested is reasonable under the circumstances." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016) (citing *DeMarsh v. Tornado Innovations, L.P.*, 2009 WL 3720180, at *2 (D.Kan. Nov. 4, 2009)). "'Damages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777F.2d 1538, 1544 (11thCir.1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d854,857 (5th Cir.1979)).

The court notes that the original Complaint, in place at the time of the Order to Show Cause, sought to recover damages from the Waterfall defendants, jointly and severally, in the amount of $175,000, exclusive of interest, fees and costs; pre- and

post-judgment interest as allowed by law. (Dkt. 1, at 11-12). The Amended Complaint (Dkt. 40, at 21-22) seeks damages of $187,600. In addition, both complaints request punitive damages, which typically may be rewarded on default judgment only after an evidentiary hearing. *See In re Hess*, 2015 WL 39411456, *1 (D. Kan. June 18, 2015).

The court will schedule the hearing on plaintiff's damages by separate order.

IT IS SO ORDERED this 6th day of October, 2017.


\_\_\_\_s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE