IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WATCHOUS ENTERPRISES, L.L.C.,

    Plaintiff,

v.                                               Case No. 16-1432-JTM

PACIFIC NATIONAL CAPITAL, et al.,

    Defendants.

### **ORDER**

On February 22, 2018, plaintiff served its first interrogatories and requests for production of documents on defendants William Mournes, Gordon Duval, and Mark Zouvas (collectively, "defendants").[1] Defendants failed to timely respond to the discovery, and on April 17, 2018, plaintiff filed its first motion to compel defendants to answer the written discovery requests.[2] Defendants subsequently filed a notice indicating the discovery sought in the motion was served on April 25, 2018,[3] and the court denied the first motion to compel as moot.[4] Plaintiff has now filed a second motion to compel (ECF No. 159), claiming defendants' discovery responses are deficient, and that plaintiff is unable to access certain documents produced via dropbox. Plaintiff also seeks

---

[1] *See* ECF No. 113.

[2] ECF No. 140.

[3] ECF No. 145.

[4] ECF No. 148.

sanctions under Fed. R. Civ. P. 37(a)(5)(A).

Defendants have not responded to plaintiff's second motion to compel. D. Kan. Rule 7.4(b) provides, "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Accordingly, the court considers the instant motion unopposed, and it is granted. Defendants shall provide access to the "Waterfall Document Production" file and produce any documents that were intended to be included in the "Duval, Gordon" file forthwith. Defendants are ordered to supplement their discovery responses as set forth in the second motion to compel by **July 16, 2018**.

As for plaintiff's request for sanctions, Fed. R. Civ. P. 37(a)(5)(A) provides that when a "motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the court finds that "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," the opposing party's "nondisclosure, response, or objection was substantially justified," or that "other circumstances make an award of expenses unjust."

The court finds an award of expenses and fees warranted in this situation. Plaintiff's counsel asserts he left three voicemails for defense counsel over June 4 and 7,

2018, requesting return calls regarding deficiencies raised in plaintiff's May 28, 2018, "golden rule" letter and plaintiff's inability to access certain documents. Plaintiff claims defense counsel has yet to respond to these requests. Although these assertions are unsupported by evidence, defendants have failed to file any opposition to plaintiff's motion disputing these claims. In light of defendants' failure to respond to plaintiff's motion, the court cannot find defendants' nondisclosures, responses, and objections were "substantially justified" or that "other circumstances make an award of expenses unjust."

The parties are strongly encouraged to confer and reach agreement on the amount of attorney's fees defendants or their counsel will pay plaintiff in connection with the filing of the motion to compel. In the hopefully unlikely event the parties cannot reach an agreement, by **July 19, 2018**, plaintiff shall file an accounting of the costs and legal fees (including supporting documentation, such as attorney time sheets) it sustained in regard to filing and briefing the motion to compel. Thereafter, defendants may, if they believe it necessary, file a response to plaintiff's filing by **July 26, 2018**.

IT IS SO ORDERED.

Dated July 6, 2018, at Kansas City, Kansas.

                                                s/ James P. O'Hara
                                                James P. O'Hara
                                                U.S. Magistrate Judge