IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WATCHOUS ENTERPRISES, L.L.C., )
)
        Plaintiff, )
)
v. )   Case No. 16-1432-JTM-ADM
)
PACIFIC NATIONAL CAPITAL, et al., )
)
        Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Watchous Enterprises, L.L.C.'s ("Watchous") Motion for Leave to Take Trial Depositions After the Deadline for Completion of Discovery (ECF No. 205). Therein, Watchous asks the court to allow Watchous to take twelve nonparty depositions after the close of discovery and the court's ruling on any dispositive motions, but at least three weeks prior to trial. Watchous's motion is denied without prejudice to be renewed as set forth below.

**I.    BACKGROUND**

This action arises out of Watchous's attempt to secure financing for oil and gas explorations. Watchous contends that it engaged defendant Pacific National Capital, LLC ("Pacific") to act as a broker to find a lender or joint venture partner. Pacific connected Watchous with the Waterfall defendants[1] as potential lenders. Watchous gave Waterfall a $175,000 refundable deposit in connection with executing a letter of intent. But Watchous and Waterfall never reached a final agreement, and Watchous demanded that Waterfall return the $175,000

---

[1] Defendants Waterfall International Holdings Limited, Waterfall Mountain LLC, and Waterfall Mountain USA LLC are referred to collectively herein as "Waterfall."

deposit. After Waterfall allegedly did not refund the deposit, Watchous filed this lawsuit in December of 2016.

On July 25, 2018, the court granted Watchous leave to file a second amended complaint bringing RICO claims against Pacific and individual defendants associated with Pacific and Waterfall. (ECF No. 167.) These RICO claims are premised on allegations that the named defendants engaged in wire fraud when they induced Watchous to send Waterfall the $175,000 deposit. Watchous alleges that these defendants also engaged in a pattern of defrauding other oil and gas companies that were seeking financing or a joint venture partner.

In order to elicit testimony relating to these RICO claims, Watchous now asks that the court allow it to conduct twelve nonparty depositions in Utah, California, Colorado, Canada, Mississippi, Louisiana, and Texas after the close of discovery. Specifically, Watchous wants to delay taking these depositions until after the court rules on any dispositive motions, but at least three weeks prior to trial. As grounds for this motion, Watchous explains that (1) depositions of these witnesses should not be taken until Waterfall and Pacific complete producing documents relating to the nonparty witnesses on April 10 and 17, 2019; (2) postponing these depositions may promote efficiency to the extent they become unnecessary if Watchous's RICO claims do not survive summary judgment; and (3) from Watchous's perspective, these are "trial depositions" rather than "discovery depositions."

## II. DISCUSSION

### A. "Trial Depositions" vs. "Discovery Depositions"

Watchous's main argument is that the twelve depositions will be taken for trial purposes, *i.e.*, to preserve trial testimony, and not for the purposes of discovery. Watchous argues that trial

depositions may be taken at any time, without regard to the discovery deadline in a scheduling order. (Pl.'s Mot. (ECF No. 205), at 7-8.) The court disagrees.

The Federal Rules of Civil Procedure do not distinguish between "trial depositions" and "discovery depositions." *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002) (observing that the "district court's identical treatment . . . of discovery and [trial] depositions is consistent with the language of the Federal Rules of Civil Procedure, which draw no distinction between the two"); *see also Sithon Mar. Co. v. Holiday Mansion*, No. 96-2262-KHV, 1999 WL 66216, at *1 (D. Kan. Feb. 8, 1999) ("The Federal Rules of Civil Procedure do not recognize a distinction between trial and discovery depositions."). Rather, Federal Rules of Civil Procedure 30 through 32 govern depositions generally, and Rule 32 explicitly recognizes that a deposition may be used for a variety of purposes, including "any purpose" if the witness is outside the court's subpoena power. The text of the Federal Rules therefore "leaves no room for the continued existence or necessity for [trial] depositions." *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 690-91 (S.D. Fla. 2014).

The court recognizes that non-binding case law may exist in some jurisdictions that distinguishes between "discovery depositions" and "trial depositions." But the weight of recent authority, as well as the language of the Federal Rules, counsels against drawing any such a distinction. To hold otherwise would circumvent scheduling order deadlines and create confusion as to the applicable rules. For example, parties could wait until after discovery ends to marshal evidence, so long as they did so under the guise that they were taking "trial depositions." *See, e.g.*, *Energex Enters., Inc. v. Shughart, Thomson & Kilroy, P.C.*, No. CIV. 04-1367, 2006 WL 2401245, at *7 (D. Ariz. Aug. 17, 2006) (recognizing that "such a distinction would effectively eviscerate the discovery deadlines set forth in scheduling orders"). Parties could also attempt to circumvent

other deposition limits, such as the default ten-deposition limit set forth in Rule 30(a)(2)(A)(i) and the seven-hour limit set forth in Rule 30(d)(1). *See, e.g.*, *Smith*, 302 F.R.D. at 693-94 (questioning how many trial depositions a party would be allowed to take and how long those depositions could last if Rule 30 governed only discovery depositions); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 558-59 (S.D. Cal. 1999) (noting there are no "suitable parameters" for allowing a party to take a trial deposition).

Declining to recognize any distinction between trial depositions and discovery depositions is also consistent with this court's local rules. D. KAN. RULE 30.3 provides that "[t]he deposition of a material witness not subject to subpoena should ordinarily be taken during the discovery period." Here, Watchous seeks to depose allegedly material witnesses who are not subject to this court's trial subpoena power; as such, this court's local rules direct that these depositions ordinarily should be taken during the discovery period. The Local Rule contains an exception for when a material witness initially "agrees to appear at trial, but . . . later becomes unable or refuses to attend," in which case a party may take the witness's deposition at any time prior to trial. D. KAN. RULE 30.3. But Watchous does not present evidence that any of the twelve witnesses at issue ever agreed to appear at trial, and/or later became unable or refused to attend. This exception therefore does not apply.

B.     **Good Cause to Amend the Scheduling Order Deadline**

The substance of Watchous's motion is, in fact, a motion to amend the scheduling order. The scheduling order provides that "[a]ll discovery must be . . . completed by April 30, 2019." (Fifth Am. Sch. Order (ECF No. 194) ¶ (a).) That deadline "may be modified only for good cause." FED. R. CIV. P. 16(b)(4). When seeking to extend a scheduling order deadline, a party "must show

that it could not have reasonably met the [original] deadline despite its diligence." *Sithon*, 1999 WL 66216, at *2.

Watchous has not shown good cause to extend the discovery deadline to three weeks before trial. Watchous was granted leave to add its RICO claims to the case on July 25, 2018. Watchous admits that it identified the projects at issue in "records produced by Waterfall in August 2018." (Pl.'s Reply (ECF No. 216), at 12.) Watchous was apparently able to review these records by October of 2018, as Watchous indicates that it was meeting and conferring with Waterfall to work through discovery issues as of October 31, 2018. (*Id.*) Yet Watchous did not issue the additional discovery requests to Waterfall and Pacific (which are allegedly the holdup for the subject depositions) until February of 2019. The Court can certainly understand that it may have taken Watchous some time to glean witnesses from the documents produced in August of 2018, but a lengthy delay of approximately six months in issuing follow-up discovery regarding those nonparty witnesses to Waterfall and Pacific does not demonstrate diligence. Furthermore, Watchous does not indicate that it ever had any plan to depose the twelve witnesses within the discovery period. Watchous has therefore failed to establish good cause for the lengthy extension of the discovery deadline sought in the current motion.

## C. Watchous May Renew Its Motion on More Limited Terms

Although the court will deny Watchous's motion, the court recognizes that it may be difficult to complete the appropriate depositions by the discovery deadline given parties' and witnesses' schedules. In addition, Watchous reports that Waterfall and Pacific have agreed to produce certain documents on April 10 and 17, 2019. And although the anticipated timing of these document productions may, in part, be a problem of Watchous's own making, the delay also appears to be at least partially attributable to Waterfall and Pacific. Regardless, as a practical

5

matter, it would seem to make sense to have the pertinent documents before taking depositions. The parties may also agree to alleviate travel burdens by taking depositions by telephone or other remote means. FED. R. CIV. P. 30(b)(4). A modest modification of the deposition limits set forth in the Scheduling Order may also be warranted. (Sch. Order (ECF No. 19), at 7-8 (setting deposition limits of 10 fact witnesses and 24 hours).) The court encourages the parties to meet and confer in order to attempt to reach agreement about a reasonable plan to address these issues, while economizing and efficiently completing the appropriate depositions on or shortly after the discovery deadline.

The court therefore denies Watchous's motion without prejudice to be renewed on more limited terms—for example, a more modest extension as to specific depositions once the parties have a more concrete plan for completing the appropriate depositions. But before filing any such motion, the parties must arrange a discovery conference with the undersigned magistrate judge by emailing ksd_mitchell_chambers@ksd.uscourts.gov. If a formal motion becomes necessary, the court will impose briefing deadlines and page limits at the discovery conference.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff Watchous Enterprises, L.L.C.'s Motion for Leave to Take Trial Depositions After the Deadline for Completion of Discovery (ECF No. 205) is denied without prejudice to be renewed as set forth herein.

**IT IS SO ORDERED.**

Dated April 11, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge