IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WATCHOUS ENTERPRISES, L.L.C. ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 16-cv-01432-JTM-JPO |
| PACIFIC NATIONAL CAPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO AMEND SCHEDULING ORDER

Plaintiff moves the Court for an order modifying the scheduling order in this case.

1. Plaintiff was seeking a joint venture partner who could provide millions of dollars in funding for its oil and gas operations. Plaintiff alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act in obtaining hundreds of thousands of dollars from victims based on misrepresentations concerning their ability to provide millions to fund projects. Plaintiff must show that the Defendants engaged in a pattern of racketeering activity to prevail.

2. Pursuant to Federal Rule of Civil Procedure 16(b)(4), the Court may modify a scheduling order upon a showing of good cause. The Court has wide latitude in modifying such orders and its rulings are reviewed for abuse of discretion. *Wood v. LP Conversions Inc.,* 2014 WL 6387543, at *1 (D.Kan., 2014). The focus is on the diligence of the party seeking to modify the scheduling order. *Id.*

3. Good cause exists in this case to extend the scheduling order to allow Plaintiff to take seven depositions on the dates set forth below. Plaintiff filed its Second Amended Complaint on July 27, 2018, which added the RICO claims. Plaintiff received 180 megabytes of material and thousands of documents from the Waterfall Defendants on or about August 15, 2018, but Waterfall failed to serve the documents on the Pacific Defendants. Plaintiff continued to meet and confer with counsel for Waterfall, and then their substituted counsel (*See* ECF Nos. 186 & 187) because Plaintiff was unsure whether or

not Waterfall produced all responsive documents. As of at least October 31, 2018, Waterfall's counsel was still working to confirm whether all responsive documents were produced.

4. After reviewing the documents produced by Waterfall, the next looming deadline was Plaintiff's expert witness deadline. Plaintiff's focus was on obtaining an expert witness qualified to testify on the niche topic of transactions involving sovereign Venezuelan bonds. While attempting to locate an expert, Plaintiff began efforts to locate and interview over 60 other potential victims of Defendants to determine if they would voluntarily provide information and documents to Plaintiff.

5. In February 2019, over two months before the close of discovery, Plaintiff issued subpoenas to some potential victims to obtain documents concerning their interactions with Defendants. Plaintiff issued additional written discovery to Defendants requesting production of all of their communications with specifically identified prospects. The responses were originally due March 11, 2019. Pacific objected to the requests. Waterfall requested an extension of the deadline before objecting.

6. In light of the pending discovery dispute and the fact that Plaintiff already interviewed the witnesses, Plaintiff filed a motion to allow it to take trial depositions after the close of discovery on March 19, 2019 (ECF No. 205). The Court denied the motion on April 11, 2019, but granted Plaintiff leave to refile it.   (ECF No. 217).

7. The Defendants finished producing documents responsive to Plaintiff's discovery request on April 18, 2019.  On that day the Court also allowed the Waterfall Defendants' counsel to withdraw (ECF No. 218).  Plaintiff could not take the depositions until it had all relevant documents and Watchous would have been able to take the requested depositions within the discovery deadline had Defendants timely produced documents responsive to its requests for production of documents.

8. The parties participated in a status conference with the Court on April 25, 2019, concerning the pending issues.  The parties agreed that Plaintiff would not be prejudiced by filing a

motion to modify the scheduling order after the close of discovery due to the withdrawal of the Waterfall Defendants' counsel and the fact that Troy Renkemeyer is entered on their behalf but not participating.

9. Plaintiff has conferred with counsel for the Pacific Defendants and they do not object to Plaintiff taking the depositions of the following persons on the following dates, provided they can appear by telephone. Plaintiff has not been able to confer with the Waterfall Defendants because Troy Renkemeyer is still entered in the case but is not participating.

| Name | Location | Date |
| --- | --- | --- |
| Ric Harris | Sechelt, BC, Canada | 5/28 |
| Bryan Farris | Provo, UT | 5/21 (afternoon) |
| Todd Habliston | Denver, CO | 5/22 (afternoon) |
| Bryan Harveston | Dallas, Texas | 5/20 |
| David Stamper | To be determined | 5/29 or 6/3. |
| Richard Dyer | Bakersfield, CA | 6/4 |
| Jim Hussey | Bakersfield, CA | 6/4 |

10. Plaintiff has conferred with counsel for the Pacific Defendants concerning resetting the deadline for the submission of a proposed pretrial conference order and the date for the pretrial conference in light of the uncertainty concerning the Waterfall Defendants' representation in this matter and the Pacific Defendants need to review the Waterfall Defendants' production on which it was not copied. Both would prefer to be able to confer with the Waterfall Defendants concerning the proposed pretrial order and stipulations. Counsel for Watchous and Pacific are available June 12 through June 18, 2019, for a pretrial conference. The proposed order should be due one week before the pretrial conference. If the Court is unavailable, these parties would like to retain the current setting.

WHEREFORE, Plaintiff requests that the scheduling order be modified: 1) to allow Plaintiff to take the depositions set forth above on the dates set forth; 2) to allow defendants to appear by telephone if they so choose; 3) to move the pretrial conference to a setting between or including June 12 and June 18, 2019, if the Court is available, or retaining the current setting if it is not; and 4) to retain all other settings and deadlines in this case.

Respectfully submitted,

TRIPLETT WOOLF GARRETSON, LLC

By: */s/ Shane A Rosson*
James A. Walker, #9037
jawalker@twgfirm.com
Shane A. Rosson, #24408
sarosson@twgfirm.com
2959 North Rock Road, Suite 300
Wichita, KS 67226
Telephone: 316.630.8100
Facsimile: 316.630.8101
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 3rd day of May 2019, pursuant to D. Kan. Rule 5.4.9, service of this document was accomplished through the Notice of Electronic Filing for parties and attorneys who are filing users in this case.

*/s/ Shane A. Rosson*
Shane A. Rosson

4

#668352