# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WATCHOUS ENTERPRISES, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-1432-JTM-ADM |
| | ) | |
| PACIFIC NATIONAL CAPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SIXTH AMENDED SCHEDULING ORDER

This matter comes before the court on plaintiff Watchous Enterprises, L.L.C.'s ("Watchous") Motion to Amend the Scheduling Order (ECF No. 226). For the reasons discussed below, the court grants Watchous's motion and amends the scheduling order as follows.

## I. BACKGROUND

This action arises out of Watchous's attempt to secure financing for oil and gas explorations. Watchous contends that it engaged defendant Pacific National Capital, LLC ("Pacific") to act as a broker to find a lender or joint venture partner. Pacific connected Watchous with the Waterfall defendants[1] as potential lenders. Watchous gave Waterfall a $175,000 refundable deposit in connection with executing a letter of intent. But Watchous and Waterfall never reached a final agreement, and Watchous demanded that Waterfall return the $175,000 deposit. After Waterfall allegedly did not refund the deposit, Watchous filed this lawsuit in December of 2016.

On July 25, 2018, the court granted Watchous leave to file a second amended complaint bringing RICO claims against Pacific and individual defendants associated with Pacific and

---

[1] Defendants Waterfall International Holdings Limited, Waterfall Mountain LLC, and Waterfall Mountain USA LLC are referred to collectively herein as "Waterfall."

Waterfall. (ECF No. 167.) These RICO claims are premised on allegations that the named defendants engaged in wire fraud when they induced Watchous to send Waterfall the $175,000 deposit. Watchous alleges that these defendants also engaged in a pattern of defrauding other oil and gas companies that were seeking financing or a joint venture partner.

In order to elicit testimony relating to these RICO claims, Watchous filed a Motion for Leave to Take Trial Depositions After the Deadline for Completion of Discovery (ECF No. 205). Watchous's motion sought leave to conduct twelve nonparty "trial depositions" in Utah, California, Colorado, Canada, Mississippi, Louisiana, and Texas after the court ruled on any dispositive motions, but at least three weeks prior to trial. The court rejected Watchous's argument to the extent that Watchous relied on a distinction between "discovery depositions" and "trial depositions," and construed Watchous's motion as a motion to amend the scheduling order. (ECF No. 217, at 2-5.) The court denied the motion on the grounds that Watchous had not shown good cause for such a lengthy extension, but stated that Watchous could renew its motion on more limited terms following a discovery conference with the court. (*Id.* at 4-6.)

The court held a discovery conference on April 25, 2019. Pacific, Mark M. Hasegawa, and Charles A. Elfsten (the "Pacific defendants") and Watchous appeared through counsel. The individual defendants associated with Waterfall, William J. Mournes, Gordon W. Duval, and Mark S. Zouvas (collectively with Waterfall, the "Waterfall defendants"), appeared *pro se*.[2] Watchous's counsel noted that he was having difficulty meeting and conferring with all defendants about the proposed depositions because the Waterfall defendants still appeared to be represented by an

---

[2] Prior to the conference, on April 18, 2019, the court granted Bryan Cave Leighton Paisner LLP leave to withdraw from representing the Waterfall defendants. (ECF No. 220.) Waterfall itself therefore did not appear at the conference because it was not (and still is not) represented by counsel.

attorney of record, Troy D. Renkemeyer, although Mr. Renkemeyer no longer appeared to be participating in the case.[3] Mr. Mournes stated that the Waterfall defendants were working to secure new counsel and had spoken with a law firm that agreed to represent them. Mr. Duval requested that the Waterfall defendants be allowed until May 1, 2019 to retain new counsel, and, if the individual *pro se* defendants had not retained counsel at that point, Watchous's counsel could contact them directly.

The court gave defendants an opportunity to respond to Watchous's plan to depose nonparty witnesses during the conference. Neither counsel for the Pacific defendants nor the *pro se* defendants stated any objection to Watchous taking a limited number of depositions following the close of discovery. Rather, counsel for the Pacific defendants indicated that he was "fairly certain that [he] would cover [the depositions] by telephone" and that he was ready to discuss a schedule for the depositions. The individual *pro se* defendants also indicated a willingness to discuss how to proceed regarding the depositions. The court therefore directed Watchous to file a renewed motion to amend the scheduling order. (ECF No. 224.) Based on the information provided by Mr. Mournes and Mr. Duval, the court set a briefing schedule that would allow the Waterfall defendants' new counsel—or the *pro se* defendants if they could not retain new counsel—to respond to Watchous's renewed motion.[4]

Watchous has now filed a renewed Motion to Amend the Scheduling Order (ECF No. 226). Watchous seeks an order amending the scheduling order to allow it to take the depositions of seven

---

[3] Prior to the conference, the court had ordered Mr. Renkemeyer to clarify whether he continued to represent these defendants. (ECF No. 221.) Mr. Renkemeyer did not respond, and the court later terminated him as counsel of record. (ECF No. 235.)

[4] Ultimately, no attorney entered an appearance on behalf of the Waterfall defendants after the April 25, 2019 discovery conference.

3

identified nonparty witnesses in California, Colorado, Texas, Utah, and Canada on specific dates between May 20, 2019, and June 4, 2019. Watchous also asks that the court continue the final pretrial conference from May 23, 2019 to a date in mid-June 2019. The Pacific defendants now oppose Watchous's request to amend the scheduling order to take these depositions. (ECF No. 228.) In support, the Pacific defendants simply incorporate their prior arguments from their opposition to Watchous's earlier motion. The Pacific defendants do not oppose continuing the pretrial conference. The Waterfall defendants, who are still unrepresented, did not file a response to Watchous's motion, and the court therefore considers the motion to be unopposed by the Waterfall defendants. *See* D. KAN. RULE 7.4(b) (noting that, when a party does not file a response brief within the time allowed, the court will consider the motion as uncontested).

## II.     DISCUSSION

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish "good cause," the party seeking to modify a deadline must show that it "could not have been met with diligence." *Parker v. Cent. Kansas Med. Ctr.*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001), *aff'd*, 57 F. App'x 401 (10th Cir. 2003). The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011). "[T]otal inflexibility is undesirable," however, because scheduling orders can have an "outcome-determinative effect on the case." *Id.* "A scheduling order which results in the exclusion of evidence is . . . 'a drastic sanction.'" *Id.* (quoting *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)).

### A.     Depositions

Watchous has shown good cause for amending the scheduling order to take the identified depositions. As the court's prior order suggested, Watchous is now seeking a more modest

extension as to specific, limited depositions and has provided a concrete schedule for completing those depositions. Watchous served defendants with discovery requests relating to the nonparty witnesses on defendants in February 2019. Defendants did not serve responsive documents until mid-April 2019, which was only approximately two weeks before the April 30, 2019 discovery deadline. Watchous could not have realistically reviewed these documents and coordinated with the nonparty witnesses and defendants to complete seven depositions in the two-week period before the close of discovery. Further, disallowing these depositions would effectively exclude evidence relating to Watchous's RICO claims. In order to alleviate any potential burdens on defendants (who now all appear to be unrepresented), the court will grant them leave to appear at the depositions by telephone. *See* FED. R. CIV. P. 30(b)(4). Accordingly, the court finds good cause to amend the scheduling order to permit Watchous to take the requested depositions in May and June of 2019.[5]

### B. Final Pretrial Conference

Watchous's request to continue the final pretrial conference is unopposed. In light of the fact that four of the depositions allowed under this order will take place after the current final pretrial conference setting, the court finds good cause to continue the final pretrial conference. The court therefore resets the final pretrial conference for **June 13, 2019 at 1:00 p.m.** by telephone. The parties' proposed pretrial order shall be due no later than **June 6, 2019**.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff Watchous Enterprises, L.L.C.'s Motion to Amend the Scheduling Order (ECF No. 226) is granted. The court amends the scheduling order

---

[5] No party objected to Watchous's request to take these depositions on the grounds that allowing them would exceed the number of depositions allowed.

in this case to allow Watchous to take the depositions of the seven nonparty witnesses as set forth in its proposed schedule.

**IT IS FURTHER ORDERED** that the final pretrial conference is reset for **June 13, 2019 at 1:00 p.m.** by telephone (conference line: 1-888-363-4749; access code: 3977627) before Magistrate Judge Angel D. Mitchell. No later than **June 6, 2019**, defendants shall submit the parties' proposed pretrial order as an attachment to an email sent to *ksd_mitchell_chambers@ksd.uscourts.gov*.

**IT IS SO ORDERED.**

Dated May 10, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge