IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WATCHOUS ENTERPRISES, LLC,
    Plaintiff,

vs.                                            No. 16-1432-JTM

PACIFIC NATIONAL CAPITAL, *et al.*,
    Defendants.

MEMORANDUM AND ORDER

Plaintiff Watchous has filed a Motion to Clarify (Dkt. 356), which asks the court under Fed.R.Civ.Pr. 56(g) to deem certain factual findings from the court's prior summary judgment ruling (Dkt. 335) to be deemed established for purposes of trial. The Pacific National defendants (Dkt. 350) and the Waterfall defendants (Dkt. 354 ) oppose the motion.

Under Rule 56(g), "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact … that is not genuinely in dispute and treating the fact as established in the case." The Advisory Committee Note to this subsection observes:

> Subdivision (g) applies when the court does not grant all the relief requested by a motion for summary judgment. It becomes relevant only after the court has applied the summary-judgment standard carried forward in subdivision (a) to each claim, defense, or part of a claim or

defense, identified by the motion. Once that duty is discharged, the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute. The court must take care that this determination does not interfere with a party's ability to accept a fact for purposes of the motion only. A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes.

If it is readily apparent that the court cannot grant all the relief requested by the motion, it may properly decide that the cost of determining whether some potential fact disputes may be eliminated by summary disposition is greater than the cost of resolving those disputes by other means, including trial. Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.

In interpreting the rule, the Pacific defendants' Response largely rests on a footnote observation from a single decision, *Chiron Corp. v. Genentech, Inc.*, 268 F. Supp. 2d 1139, 1148 (E.D. Cal. 2002). In a patent infringement action, the court denied plaintiff Chiron's motion for summary judgment on defendant's laches defense, which was added to the case by a late amendment. The court concluded that the laches defense would be resolved by a separate hearing after the jury trial of the infringement action, and also noted:

Moreover, the court in its discretion does not choose to narrow issues or establish facts where doing so does not eliminate a claim or defense. In the court's experience, such piecemeal resolution of the case makes trial more difficult and complex as opposed to streamlined.

268 F.Supp.2d at 1146 n. 6.[1]

This passage from *Chiron* does not support the conclusion that as a general matter requests for rulings under Rule 56(g) should be disfavored. The court stated it "does not find it [a summary judgment award on the issue of laches] practicable *in this case*"—a complex patent case in which the court had scheduled a separate trial on the issue of infringement. *Id*. (emphasis added). Unlike *Chiron*, the summary judgment motions previously resolved by this court did not address a peripheral defense added by late amendment, but resolved facts which went to the very heart of the dispute between the parties, and which resolved plaintiff's claims for breach of fiduciary duty and fraud in its favor.[2]

The defendants otherwise point to passages from the Advisory Committee Note, set forth above, but these merely again establish that the court under the Rule has discretion to grant or deny a request that facts be deemed established for purposes of

---

[1] Defendants actually present *Chiron* second-hand, citing instead *Steuben Foods, Inc. v. HP Hood, LLC*, No. 12-CV-00211 A M, 2012 WL 7829014, at *4 (W.D.N.Y. Oct. 3, 2012) quoting *Chiron*. The Magistrate Judge's Report & Recommendation in *Steuben* (adopted without objection, 2013 WL 1337318 (W.D.N.Y. Mar. 29, 2013) suggested that summary judgment should not be granted "[s]ince no discovery has yet occurred in this case." *Steuben* has no relevance at all for the present case, where summary judgment was resolved only after the voluminous discovery had closed, and does not add precedential weight to *Chiron*.

[2] Some courts have indicated that Rule 56(g) motions are disfavored where the motions do not seek to "resolve a party's liability on a claim." *Geico General Insurance v. Otero*, 2011 WL 13301951, at *8 (M.D. Fla. 2011). *See Selkow v. 7-Eleven*, 2012 WL 2054872, *4 (M.D. Fla. 2012) (noting disfavor and observing that "Rule 56(g) requires a party to first bring a Rule 56(a) motion"). Here, of course, plaintiff's motion arises after the resolution of multiple Rule 56(a) motions.

trial. In terms of that Note, these defendants might have "fe[lt] confident" some of their facts would preclude relief. But the court's experience in resolving the competing motions in plaintiff's favor convincingly established any such confidence was unwarranted. Defendants failed to controvert at all many facts, and their attempt to controvert others failed to rely on competent admissible evidence. Rule 56(g) gives the court discretion to find certain facts established for trial, and the court, in its discretion, finds that justice would be advanced, and trial materially shortened, by granting the relief sought.

Citing Local Rule 56.1(a), defendants also argue that they believed the effect of their failure to oppose Watchous's facts would be limited to the summary judgment ruling itself, and that they should not be prevented from rearguing factual issues at trial given their "minimal opportunity to conduct discovery and depositions due to their limited resources and settlement efforts scuttled by the Waterfall Defendants." (Dkt. 50, at 3). They suggest many of the plaintiff's requested factual findings were overly complex and that many of these were at least partially controverted. They argue that granting the plaintiff's motion would not advance judicial economy and would force the jury into piecemeal resolution of the facts.

Local Rule 56.1(a) does not supersede the court's discretion under Federal Rule of Civil Procedure 56(g) to determine that certain facts are established for purposes of trial. The local rule provides that if a fact is not "specifically controverted" by the nonmovant," the fact is "deemed admitted for the purpose of summary judgment."

4

That is, the local rule *mandates* a factual finding in favor of the movant where the nonmovant makes no attempt to directly respond to the allegation. But the local rule in no way diminishes the court's *discretion* under Rule 56(g) to determine that a summary judgment factual finding should carry over to trial.

At the time of the summary judgment motions, the Pretrial Order had been entered, and discovery had closed. The plaintiff's motion sought summary judgment on key issues in the case (and the court in fact granted partial judgment in Watchous's favor). All the defendants were highly motivated to oppose the plaintiff's motion, and did so, presumably to the best of their ability. Judicial economy is not advanced by wasting trial days with testimony addressing factual issues upon which the court found no material controversy.

Rule 56(g) "'serves to salvage some constructive result from the judicial effort expended in denying a proper summary judgment motion.'" *Roberts v. Chesapeake Operating, Inc.*, 426 F. Supp. 2d 1203, 1210 (D. Kan. 2006) (addressing predecessor Rule 56(d)*,* quoting *City of Wichita v. United States Gypsum*, 828 F.Supp. 851, 869 (D.Kan.1993) (citing 10A C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2737, at 458–59 (2d ed. 1983)), aff'd in part and rev'd in part on other grounds, 72 F.3d 1491 (10th Cir. 1996)). *See also Hotel 71 Mezz Lender v. Nat'l Ret. Fund*, 778 F.3d 593, 606 (7th Cir. 2015) ("partial summary judgment can serve a useful brush-clearing function even if it does not obviate the need for a trial").

Relief is appropriate here, where the plaintiff's motion requested 369 separate factual findings, the vast majority of which were not contested by the defendants.[3] In most instances where defendants did attempt to controvert facts,[4] they relied on inadmissible evidence, or rested on legal arguments which did not fairly controvert the specific fact alleged.

With respect to specific factual issues, Watchous agrees that some facts[5] were controverted by defendants. However, the Plaintiff also urges the court to deem established the following facts:

- Waterfall's non-ownership of the bonds,[6]
- Pacific's failure to reveal Waterfall's lack of successful funding,[7]
- Zouvas acted or appeared to act as an agent of Waterfall,[8]
- Pacific contracted with clients to act as their agent for obtaining funding,[9]
- Pacific's represented it had worked with Waterfall,[10]

---

[3] Plaintiff's Fact paragraphs 1-4, 6, 8-10, 12-16, 18-20, 24, 26, 28-40, 42-45, 47, 49, 57, 60-62, 64-68, 72, 74-75, 78-80, 82-83, 90-91, 93-100, 105, 108-124, 126-130, 132, 136-137, 139-142, 149-171, 173-174, 177-178, 180, 182, 184-188, 193-194, 197-198, 201-204, 206-210, 212-218, 223, 225-230, 235-249, 252-257, 261, 266-267, 269-274, 276-277, 281-290, 292-300, 302-305, and 309-369.

[4] Paragraphs 25, 27, 41, 46, 48, 51-55, 58-59, 63, 69, 70, 71, 76-77, 84, 88-89, 103, 106-107, 133-134, 138, 147-148, 172, 181, 183, 190-191, 195-196, 199-200, 205, 211, 220-222, 250-251, 259-260, 263-265, 268, 278, and 306-308.

[5] Paragraphs 7 (first two sentences), 21, 92, 131 (last sentence), 135, and 275.

[6] Paragraphs 5, 280, and 291.

[7] Paragraphs 87, 146, 195, 234.

[8] Paragraph 11.

[9] Paragraphs 22, 56, 75, 85, 104, 144, 192, 259, and 277.

[10] Paragraphs 17, 21, 23, 50, 73, 81, 86, 101, 125, 143, 145, 175-76, 179, 189, 233-34, 258, 262, and 279.

- Elfsten's representation Waterfall could repay the deposit,[11]
- Duval's false representations as to similar joint ventures,[12]
- Representations by Mournes' and Zovuas about Waterfall,[13] and
- The failure to repay $5,000 to KRG.[14] Plaintiff's Fact ¶ 301

The Pacific defendants present factual arguments similar to those presented during the summary judgment briefing, and provide no substantial reason for departing from the court's prior factual findings with respect to these issues.

Some of the evidence cited by defendants (for example, the idea that Waterfall had a "beneficial interest" in the bonds which would allow them to be used as collateral) might be evidence which defendants could seek introduce at trial, but the evidence does not controvert the specific facts alleged by plaintiff and found by the court — that Waterfall did not own the Venezuelan bonds without restriction, and defendants did not tell Watchous about any limited, restricted interests. (Order, at 59).

With respect to the failure to inform clients Waterfall had never successfully funded a project, defendants argue (Dkt. 350, at 7) that they "controverted at least some of these assertions." Rather, the defendants *attempted* to controvert these requested finding, but were unsuccessful. The cited facts were adopted into the court's March 13, 2020 Order as facts established beyond a reasonable doubt. (Order, at 59-60).

---

[11] Paragraph 232.

[12] Paragraph 231.

[13] Paragraphs 219 and 224.

[14] Paragraph 301.

7

The Defendants made no attempt to seek reconsideration of the court's Order. Defendants waited until Watchous's Rule 56(g) motion, and have now only belatedly filed what is in effect an untimely motion for reconsideration which largely repeats previously rejected factual arguments.

The court made extensive findings of fact in its prior Order, determining that no factual controversy existed. (Dkt. 335, at 3-79). Trial is currently scheduled for December 1, 2020, and is set to run for seventeen days, largely based on the need to cover ground that is already set out in the court's prior Order. Judicial economy is not advanced by ignoring these findings and requiring jurors to spend trial day after trial day hearing the same evidence.

The Court's findings in the Order of March 13 provide a valuable and economic narrative for understanding the facts of the case, and the court in its discretion finds that in the interests of justice the plaintiff's Rule 56(g) motion should be granted. The plaintiff's motion seeks "an order deeming facts that are not genuinely in dispute as established for the purpose of trial." (Dkt. 342, at 1). The plaintiff does not articulate any particular form for such order, although it does incorporate by reference the "full treatment of all the facts" in the *129 page* Affidavit A to its Summary Judgment Reply. (*Id*. at 2). This unwieldy document could confuse rather than illuminate the facts for the jury.

The court in its discretion finds that plaintiff's motion should be granted by issuing an instruction to the jury that it should deem certain facts established, and that

the instruction shall be taken from the court's factual findings in the March 13 Order—modified in certain limited instances[15] and to remove the court's evaluation of competing factual and legal arguments. This instruction will be provided to the parties two weeks prior to the scheduled November 25, 2020 in limine conference.

IT IS ACCORDINGLY ORDERED this day of October, 2020, that the plaintiff's Motion to Clarify (Dkt. 342) is hereby granted as provided herein.

*J. Thomas Marten*
J. Thomas Marten, Judge

---

[15] For example, a controversy exists whether Waterfall in fact owed money to Vern Wilson, one of the references given by Duval. Similarly, there is a controversy as to whether Zouvas was an officer of Waterfall. Such specific exceptions do not affect the larger, related factual findings by the court.