IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WATCHOUS ENTERPRISES, LLC,
        Plaintiff,

vs.                                  No. 16-1432-JTM

PACIFIC NATIONAL CAPITAL, *et al.*,
        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on a Motion to Continue the currently scheduled trial by the Pacific defendants (Pacific National Capital, Charles Elfsten, and Mark Hasegawa). In addition, counsel for these defendants (Sage Law, LLC) has moved to withdraw from the case.

The defendants' motion rests on four grounds. First, they emphasize the danger presented by the COVID-19 virus to Charles Elfsten, given his health. Second, they emphasize the many individuals from outside Kansas will have to travel to the state for the trial. (Dkt. 356, at 4). Third, they emphasize dangers of trials, citing decisions such as *United States v. Goeller*, No. 2:20-CR-00060-DBB, 2020 WL 5868208, at *1 (D. Utah Oct. 1, 2020), where the court recently delayed a pending trial based on concerns relating to the virus. Fourth and finally, defendants cite the then-pending Motion to Clarify submitted by plaintiff Watchous, and argue delay will "allow the Court to fully consider and rule

on that Motion." (Dkt. 356, at 6). The delay requested by defendants is not brief — they ask the court to defer trial for up to eight months, "until *next summer*." (*Id*.) (emphasis added).

Most of the rationales for a delay offered by defendants for a delay are misplaced or carry little weight. The Motion to Clarify (Dkt. 342) was granted by the court on October 15, 2020 (Dkt. 357), and thus provides no reason for a delay in the trial. Indeed, the court anticipates that the ruling in that Order, which established certain facts as established for purposes of the trial, should markedly reduce the amount of time required for the trial, and may eliminate the need for some witnesses to travel to Kansas. *See* Dkt. 357, at 4 ("the court, in its discretion, finds that justice would be advanced, and trial materially shortened, by granting the relief sought").

The virus is a real and a substantial concern, as reflected in decisions such as *Goeller*. Yet that case cited by the defendants otherwise provides little guidance, beyond simply noting the challenge the virus may pose to public trials. In that decision, the court appears to have determined *sua sponte*, without objection by any party, to apply an ends of justice exception to the time requirements of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). Yet, even noting these concerns, the court did not put off trial for the better part of a year (as defendants ask this court to do), but simply delayed the trial some five weeks, from October to December 4, 2020. In other words, even with the delay the trial in *Goeller* will occur the same week as the trial of the present matter.

This leaves the health condition of Elfsten, and the information submitted to the court does support the conclusion the Elfsten suffers from heart disease, high blood pressure, and diabetes (Dkt. 358, at 3), and thus is at a heightened risk from the COVID-19 virus. This, again, is a real and substantial concern for the court.

But the risk faced by the defendant may be substantially mitigated by following prescribed procedures the protection afforded by technology. At the time of the present Order, another judge of the District of Kansas is actively conducting a civil trial, hearing by Zoom the testimony of a witness with the virus. In their Reply, defendants offer no substantial reason that Elfsten could not appear remotely other than to simply speculate that such an arrangement might cause juror resentment. (Dkt. 359, at 3). But it is as likely that such an arrangement could emphasize Elfsten's health condition and generate sympathy for him. The answer in both cases, of course, is careful instruction that the jury must decide the on the facts and the evidence, and not any inferences based on remote participation of a party.

The present action, filed on December 7, 2016, is nearly four years old. Although the Pacific defendants in the Reply shift much of the blame for the delay onto the Waterfall group of defendants (Dkt. 359, at 1),[1] the fact remains that plaintiffs—who have presented a strong case and indeed have prevailed on some aspects of it at

---

[1] The argument that the Pacific defendants played no role in the delays in the present action is at variance with the record, as discussed below, in connection with their current attorney's motion to withdraw.

3

summary judgment—are being asked to wait for the better part of yet another year to obtain potential relief.

And even this delay, which would push the case well into *its fifth year*, may not be enough. The Pacific defendants seek a delay in the trial until next year "when *hopefully* the pandemic and subsequent medical treatments allow for a safe jury trial." (Dkt. 356, at 356, at 6). But defendant Elfsten's physical condition will remain the same, and defendants offer no reason to believe they would not then seek to delay the trial further.

Finally, the court must consider the issue of delay in conjunction with the motion to withdraw by their current counsel, Sage Law, LLC. (Dkt. 360). Immediately upon filing a Reply in support of his clients' motion to delay, counsel for the Pacific defendants moved to withdraw from representation, noting among other things, that defendants "have not been able to fulfill financial obligations to Movants and do not oppose this withdrawal." (*Id.* at 1).

This is not the first time defendants have effectively fired counsel by failure fulfill their financial commitments. Waterfall's previous attorneys withdrew on April 18, 2019 (Dkt. 220), and their subsequent attorneys moved to withdraw on February 6, 2020. (Dkt. 326). The court granted leave on March 13, 2020. The Waterfall defendants have been explicitly advised they now appear without benefit of counsel and must represent themselves at trial.

Pacific's previous attorneys, Hite, Fanning & Honeyman (HFH) of Wichita, Kansas, were granted leave to withdraw on May 9, 2019. (Dkt. 237). As with Waterfall's various attorneys in 2019 and again in 2020, and now as with Sage Law, the HFH firm withdrew because the Pacific defendants were not paying the firm's fees or expenses. (Dkt. 229, at 2).

There is no reason to believe that, in the Summer of 2021, the Pacific defendants will suddenly be willing or able to pay a new, third set of attorneys. The court need not determine whether both defendants have employed a *deliberate* pattern of obstruction and avoidance. It is sufficient to conclude that the result approaches unconscionable delay.

Trial will commence as scheduled on December 1, 2020, and the court will make accommodations for defendant Elfsten, if he wishes, to appear remotely.

IT IS SO ORDERED this day of November, 2020, that the Pacific defendants' Motion to Continue Jury Trial (Dkt. 356) is denied; counsel's Motion to Withdraw (Dkt. 360) is granted. Individual defendants Elfsten and Hasegawa are cautioned that they appear without benefit of counsel, and that they represent themselves only. Pacific National Capital is an unrepresented party.

*J. Thomas Marten*
J. Thomas Marten, Judge

5