IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WATCHOUS ENTERPRISES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**PACIFIC NATIONAL CAPITAL,** *et al.***,**<br><br>Defendants. | Case No. 16-1432-DDC |

### MEMORANDUM AND ORDER

On May 18, 2021, the court set this case for a jury trial beginning on June 28, 2021, in Wichita (Doc. 385).  It's about time.  Plaintiff filed its original Complaint in December 2016.  *See* Doc. 1 (Compl.).  The docket in this case is needlessly complicated for many reasons, but the court turns to one glaring issue—for now—that's nothing new to the parties.  Corporate defendants Pacific National Capital, Waterfall Mountain USA LLC, Waterfall Mountain LLC, and Waterfall International Holdings Limited (the "corporate defendants") are all currently without legal representation.  They've been in this boat before.  *See* Doc. 272 at 2 (reminding defendants—in July 2019—that the "court has previously warned the corporate defendants in this case that they cannot appear pro se in federal court"); *see also* Doc. 37 (stating, in June 2017, "that corporations may not be represented pro se, and therefore it is critical that an attorney enter an appearance by June 28, 2017").  With this Order, the court gives the corporate defendants a final warning:  They may not appear in federal court without legal representation through counsel who are admitted to practice before our court.

**I.       Legal Standard**

"The general rule is that a corporation can appear in court only by an attorney." *Boilermaker-Blacksmith v. Tank Maint. & Tech., Inc.*, No. 96-2161-JWL, 1997 WL 458411, at *1 (D. Kan. July 18, 1997) (Lungstrum, J.) (citing *Devilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962), *cert. denied*, 371 U.S. 950 (1963); *Mid-Central/Sysco Food Servs., Inc. v. Reg'l Food Servs., Inc.*, 755 F. Supp. 367, 368 (D. Kan. 1991)).  "A corporation is an abstraction, and abstractions cannot appear pro se."  *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (Easterbrook, J.) (internal quotation marks omitted).  "Courts that have considered similar claims have concluded that a corporation must appear by an attorney, despite claims that it is financially unable to do so."  *Boilermaker-Blacksmith*, 1997 WL 458411, at *2 (citing *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983); *Mid-Central/Sysco*, 755 F. Supp. at 368; *Algonac Mfg. Co. v. United States*, 458 F.2d 1373, 1375 (Ct. Cl. 1972)).  This rule dates back nearly two centuries.  *Osborn v. Bank of United States*, 22 U.S. 738, 830 (1824) (Marshall, C.J.) ("A corporation, it is true, can appear only by attorney, while a natural person may appear by himself.").

**II.      Analysis**

This court will not stray from the black letter rule that corporate defendants cannot proceed pro se in federal court.  *See, e.g.*, *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 557–58 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." (citation omitted)).  And, the court has every intention of shepherding this case to resolution, now more than four years after it commenced.  Accordingly, the court reminds the corporate

defendants in this lawsuit that each must secure legal representation through counsel to proceed in this lawsuit. If the corporate defendants fail to do so, it's at their own peril.[1]

### III. Conclusion

The corporate defendants—Pacific National Capital, Waterfall Mountain USA LLC, Waterfall Mountain LLC, and Waterfall International Holdings Limited—must secure legal counsel and notify the court at the soonest possible opportunity—and no later than three weeks before the trial date in this case, June 28, 2021—or suffer the consequences of their failure to oblige multiple warnings from the court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the corporate defendants—Pacific National Capital, Waterfall Mountain USA LLC, Waterfall Mountain LLC, and Waterfall International Holdings Limited—are directed to secure legal counsel and notify the court at the soonest possible opportunity—and no later than three weeks before June 28, 2021.

**IT IS SO ORDERED.**

**Dated this 19th day of May, 2021, at Kansas City, Kansas.**

                                                        **s/ Daniel D. Crabtree**
                                                        **Daniel D. Crabtree**
                                                        **United States District Judge**

---

[1]    *See, e.g.*, *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (holding plaintiffs were entitled to default judgement against pro se corporate defendant where defendant repeatedly disregarded instructions from the court to secure legal counsel (citing Fed. R. Civ. P. 55(a))); *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default.").