IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WATCHOUS ENTERPRISES, LLC,**

    **Plaintiff,**

v.

**PACIFIC NATIONAL CAPITAL**, *et al.*,

    **Defendants.**

Case No. 16-1432-DDC

**MEMORANDUM AND ORDER**

Presently pending before the court is pro se defendant Charles Elfsten's Motion for Leave to Appear Remotely (Doc. 394).[1] The motion is unopposed. For reasons explained below, the court grants Mr. Elfsten's motion.

**I.  Background**

Plaintiff initiated this lawsuit in December 2016. *See* Doc. 1 (Compl.). And the matter is set for trial in Wichita beginning June 28, 2021. *See* Doc. 385 (Second Am. Trial Order). Mr. Elfsten's motion "respectfully moves the Court for an order to be allowed to appear remotely." Doc. 394 at 1. According to the motion, Mr. Elfsten's "health condition and required treatments preclude [him] from appearing in-person at trial." *Id.* Specifically, the motion explains, Mr. Elfsten suffers from "severe" Type 2 diabetes, is 78 years old and therefore at a heightened health risk relative to COVID-19 (and regardless of whether he is vaccinated against the virus), has heart disease, high blood pressure, suffers from chronic pain, and requires frequent in-person

---

[1] Because Mr. Elfsten proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

medical care to treat his ailments.  *Id.* at 1–2.  Mr. Elfsten's motion attaches a letter from his physician "request[ing] that all issues pertaining to this case be done remotely."  Doc. 394-1.

**II.     Analysis**

Four reasons persuade the court to grant Mr. Elfsten's motion.  *First*, his motion is unopposed, which itself supplies a basis for the court to grant the request.  *See* D. Kan. Rule 7.4(b) ("Ordinarily, the court will grant the [uncontested] motion without further notice.").  *Second*, the request aligns with Rule 1's instruction that courts should aim to ensure "just, speedy, and inexpensive determination[s] of every action and proceeding."  Fed. R. Civ. P. 1.  *Third*, our court's pandemic precautions expressly empower judges in our district to exercise discretion when responding to requests such as the present one.  *See, e.g.*, United States District Court for the District of Kansas, Reopening Proceedings During the COVID-19 Pandemic (Mar. 26, 2021), http://ksd.uscourts.gov/wp-content/uploads/2021/03/Administrative-Order-2021-05.pdf (Administrative Order 2021-05).  And *fourth*, Mr. Elfsten's request is sensible given his extensive health concerns.  *See* Doc. 394 at 1–2 (listing defendant's medical history and current health concerns).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Charles A. Elfsten's unopposed Motion for Leave for Charles A. Elfsten to Appear Remotely (Doc. 394) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Charles A. Elfsten must make all appropriate arrangements to join the proceedings via videoconferencing technology in accordance with the court's preferences for audio and visual conferencing.

**IT IS SO ORDERED.**

3

Dated this 16th day of June, 2021, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge

3