# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WATCHOUS ENTERPRISES, LLC,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**PACIFIC NATIONAL CAPITAL**, *et al.*,<br><br>      **Defendants.** | Case No. 16-1432-DDC |

## **MEMORANDUM AND ORDER**

Presently pending before the court is plaintiff's Motion for Leave for Dennis Dumas to Appear Remotely (Doc. 389). The motion is unopposed. For reasons explained below, the court grants plaintiff's motion.

**I.      Background**

Plaintiff initiated this lawsuit in December 2016. *See* Doc. 1 (Compl.). And the matter is set for trial in Wichita beginning June 28, 2021. *See* Doc. 385 (Second Am. Trial Order). Plaintiff's motion "respectfully moves the Court for an order allowing its expert witness, Dennis Dumas, to appear [at the upcoming trial] remotely." Doc. 389 at 1. Mr. Dumas "is Watchous'[s] designated expert witness." *Id.* Plaintiff "anticipates that [Mr. Dumas] will testify at trial . . . that Waterfall and its lender did not own the bonds Defendants represented they owned, and that any loan against the bonds had to be approved by the Central Bank of Venezuela, and that the Waterfall Defendants engaged in misrepresentation by offering to secure promissory notes with the bonds." *Id.* "Mr. Dumas'[s] testimony will be limited to providing context for the jury." *Id.* at 1–2. "Mr. Dumas lives and works in the New York City . . . area and would have to fly to Wichita to attend trial." *Id.* at 2.

The motion explains that "Mr. Dumas is in a high-risk category should he contract COVID-19[,]" regardless of whether he has been vaccinated against the virus. *Id.* (citation omitted). Plaintiff thus asks the court to permit Mr. Dumas to testify "remotely to limit the risk to him, the parties, the jurors, and others." *Id.* And, plaintiff notes, the court "indicated in an April 1, 2021, email to counsel and the parties that it did not anticipate remote testimony by Mr. Dumas would be a problem." *Id.*

## II.     Analysis

Four reasons persuade the court to grant plaintiff's motion. *First*, plaintiff's motion is unopposed, which itself supplies a basis for the court to grant the request. *See* D. Kan. Rule 7.4(b) ("Ordinarily, the court will grant the [uncontested] motion without further notice."). *Second*, the request aligns with Rule 1's instruction that courts should aim to ensure "just, speedy, and inexpensive determination[s] of every action and proceeding." Fed. R. Civ. P. 1. *Third*, our court's pandemic precautions expressly empower judges in our district to exercise discretion when responding to requests such as the present one. *See, e.g.*, United States District Court for the District of Kansas, Reopening Proceedings During the COVID-19 Pandemic (Mar. 26, 2021), http://ksd.uscourts.gov/wp-content/uploads/2021/03/Administrative-Order-2021-05.pdf (Administrative Order 2021-05). And *fourth*, plaintiff's request makes good sense because plaintiff expects Mr. Dumas to testify only in a limited capacity. Doc. 389 at 1–2 ("Mr. Dumas'[s] testimony will be limited to providing context for the jury.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's unopposed Motion for Leave for Dennis Dumas to Appear Remotely (Doc. 389) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** counsel for plaintiff must make all appropriate arrangements for Mr. Dumas to join the proceedings via videoconferencing technology in accordance with the court's preferences for audio and visual conferencing.

**IT IS SO ORDERED.**

**Dated this 16th day of June, 2021, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**