IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WATCHOUS ENTERPRISES, LLC,

    Plaintiff,

v.

PACIFIC NATIONAL CAPITAL, *et al.*,

    Defendants.

Case No. 16-1432-DDC

## MEMORANDUM AND ORDER

Pending before the court is a motion from pro se defendant Charles Elfsten, which the Clerk of Court docketed as "Pro Se Defendant Charles A. Elfsten's Motion to Postpone [Trial Due] to Scheduling of Emergency Surgery" (Doc. 426).[1] Plaintiff opposes the motion. *See* Doc. 427. Mr. Elfsten's motion "ask[s] the court to postpone [next week's] trial for two weeks due to an emergency surgery that is to be performed on [his] right foot next week in an attempt to save it from amputation." *Id.* at 1. But Mr. Elfsten's motion also makes clear that his ailments and required medical treatments won't subside anytime soon. *See id.* And, his motion doesn't attach any documentation to substantiate his statements. *See* Doc. 427 at 4 ("Without medical documents supporting the alleged emergency, the Court should deny Charles Elfsten's motion."). Also, because Mr. Elfsten's condition is more likely than not to hinder his future availability for trial long into the future, and because the trial in this case already has been delayed almost to a point of absurdity,[2] his motion is denied.

---

[1]     Because Mr. Elfsten proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

[2]     *See* Docs. 261, 271, 361, 369, 373, 375.

I.      **Background**

Plaintiff initiated this lawsuit in December 2016. *See* Doc. 1 (Compl.). Finally, the matter is set for trial in Wichita beginning next week on June 28, 2021. *See* Doc. 385 (Second Am. Trial Order). The trial and related proceedings repeatedly have been delayed. Long ago—in 2019—plaintiff secured two continuances for the matter's pretrial conference. *See* Docs. 261, 271. But the lion's share of blame for delays falls toward the defendants. Of course, the COVID-19 pandemic affected this lawsuit's trajectory. *See* Docs. 369, 373. But defendants repeatedly have sought delays for independent reasons, filing motions predicated on emergency medical needs.[3]

For instance, in November 2020, defendants Duval, Mournes, Hasegawa, Zouvas, and Elfsten filed two separate (but identical) "emergency motion[s]" to "postpone the trial because of the hospitalization and dire medical condition of Mr. Mournes." Doc. 364 at 1; Doc. 366 at 1. Judge Marten denied their motions as moot because "*all* trials [were continued] pending through the end of 2020 in light of the Covid-19 virus[.]" Doc. 369 at 1 (emphasis added). But it's more than fair to say that defendants wished to delay the trial. *See* Docs. 364, 366.

Mr. Elfsten's health concerns are nothing new. Just before defendants jointly requested the continuance described above, Mr. Elfsten and co-defendant Hasegawa filed a separate motion to delay the trial, which Judge Marten denied. *See* Doc. 361; *see also* Doc. 361 at 2 ("The delay requested by defendants is not brief—they ask the court to defer trial for up to eight months[.]"). Later, when Judge Marten referred this case to the Clerk of Court for reassignment, his Order

---

[3]     The defendants also have sought repeated delays on the basis of their pro se status, a status they occupy only because they repeatedly have fired and hired new legal teams. *See* Doc. 375 at 3 (describing "the defendants' history of hiring and firing multiple sets of attorneys" and concluding no doubts could remain "whether . . . defendants have employed a *deliberate* pattern of obstruction and avoidance." (internal quotation marks and citation omitted)).

addressed this issue directly. *See* Doc. 375. In Judge Marten's own words, "the conditions cited" previously by Mr. Elfsten "are conditions which will not improve over time." *Id.* at 3. Judge Marten remarked that "trial should occur at the earliest possible opportunity." *Id.* Based on the same concerns for his health, this court already has granted Mr. Elfsten the opportunity to appear for trial remotely. *See* Doc. 416.

Mr. Elfsten's current motion proves Judge Marten was right. According to the motion, Mr. Elfsten must undergo an "emergency surgery" at some time next week in order to "save [his right foot] from amputation." Doc. 426 at 1. The surgery also will require a two-day recovery period. *Id.* But, there's much more. Mr. Elfsten's weekly medical treatment schedule, the motion represents, requires his in-person presence for various procedures at nearly all hours of the day, everyday. *Id.* According to the motion, some of these mandatory treatments, whose "schedule . . . cannot be changed," will overlap—meaning that Mr. Elfsten somehow will undergo different procedures (possibly in different locations) at the same time. *See id.* (explaining Mr. Elfsten's weekly schedule "at the Hoag wound center" each Monday and Thursday from 12:30pm–1:30pm as well as Mr. Elfsten's daily hyperbaric chamber treatments from 11:00am–12:45pm).[4] Because of these needs, and seemingly based on the belief that a temporary continuance will enable his future participation in the trial, Mr. Elfsten requests the court to delay the trial by two weeks. *Id.* at 2 ("I . . . ask the court to postpone the current trial

---

[4] It's conceivable that Mr. Elfsten's medical treatment schedule might shift in someway on days when various procedures are scheduled at conflicting times. But his motion never mentions any such details. Taking Mr. Elfsten at his word, the pending motion states that some of his required treatments, whose "schedule . . . cannot be changed," will occur simultaneously. *See* Doc. 426 at 1. Indeed, the court only can take Mr. Elfsten at his word because his motion doesn't attach any supporting documentation from health care providers. *See id.* ("I can provide additional letters from my Doctors to support if needed, if given time to obtain.").

3

for 2 weeks . . . which will allow me to participate in the trial remotely in a meaningful fashion.").

## II. Legal Standard

Our court's Local Rules provide that a motion for continuance must be filed "reasonably in advance of the hearing date and must specify the views of the other parties." D. Kan. Rule 6.1(b); *see also Hudelson v. Cowdry*, 3 F. App'x 845, 846–47 (10th Cir. 2001) (affirming district court's denial of plaintiff's motion to continue his civil trial where plaintiff's motion failed to comply with a similar local rule requiring the movant to specify whether the filing is opposed). Our Circuit reviews a district court's decision to deny a continuance for abuse of discretion. *Hudelson*, 3 F. App'x at 846; *see also Gust v. Jones*, 162 F.3d 587, 598 (10th Cir. 1998). "The inherent authority of a district court to manage its docket includes discretion to grant or deny continuances[.]" *Pepe v. Koreny*, No. 99-1063, 189 F.3d 478, 1999 WL 686836, at *2 (10th Cir. Sept. 3, 1999) (unpublished table opinion). And the Federal Rules of Civil Procedure, in general, are designed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III. Analysis

Mr. Elfsten's motion doesn't specify whether plaintiff opposes his request. *See* Doc. 426. Under our court's Local Rules, this failure itself supplies a basis to deny the motion. *See* D. Kan. Rule 6.1(b). But we now know that plaintiff opposes the motion. With that uncertainty resolved, at least three other reasons persuade the court to deny Mr. Elfsten's motion. *First*, Mr. Elfsten's conditions are apparently quite serious. It's for this same reason, and based on the information provided by Mr. Elfsten's motion, that the court can't delay the trial (yet again) and feel confident that the trial will take place anytime soon. As Judge Marten explained earlier, Mr.

Elfsten's "physical condition will remain the same, and defendants offer no reason to believe they would not then seek to delay the trial further." Doc. 361 at 4; *see also* Doc. 375 at 3 (explaining that Mr. Elfsten's health concerns "are conditions which will not improve over time"). *Second*, the court already has worked diligently to accommodate Mr. Elfsten and his physical limitations. *See* Doc. 416 at 1–2 (granting Mr. Elfsten's request to appear remotely for trial because "Mr. Elfsten's 'health condition and required treatments preclude [him] from appearing in-person at trial'" (quoting Doc. 394 at 1)). And *third*, plaintiff's Response in Opposition to the motion is thoughtful, thorough, and well-taken. *See* Doc. 427.

## IV.  Conclusion

The court approaches the pending motion with both a sense of caution and sympathy. Mr. Elfsten's health reflects a difficult and challenging circumstance, and the court wishes him a speedy recovery to the fullest extent possible. At the same time, Mr. Elfsten's medical history is well-documented in this case, and it reflects an ongoing and near endless impediment to plaintiff's right to a trial. *See, e.g.*, Doc. 375 at 3. Given the slew of prior delays (some granted and others denied), the trial being set to commence so soon—in a matter of days, the court's earlier efforts to accommodate Mr. Elfsten, plaintiff's well-taken opposition, and the court's obligation to manage its docket to ensure the "just, speedy, and inexpensive determination of every action and proceeding" under Fed. R. Civ. P. 1, the court denies Mr. Elfsten's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** pro se defendant Charles A. Elfsten's "Motion to Postpone [Trial Due] to Scheduling of Emergency Surgery" (Doc. 426) is denied.

5

**IT IS SO ORDERED.**

**Dated this 24th day of June, 2021, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**