## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WATCHOUS ENTERPRISES, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 16-1432-DDC** |
| **PACIFIC NATIONAL CAPITAL, *et al.*,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Watchous Enterprises, LLC's "Motion to Correct Oversight in the Judgment" (Doc. 475) and the Tenth Circuit's Order (Doc. 476) abating and remanding the appeal of the Second Amended Judgment (Doc. 460) for the limited purpose of addressing the Judgment's finality.

As asserted in the Pretrial Order, plaintiff Watchous Enterprises, LLC brought breach of contract, civil conspiracy, fraud, fraud by silence, civil RICO, and civil RICO conspiracy claims against one or more of the following defendants:  Pacific National Capital, Charles Elfsten, and Mark Hasegawa (collectively, the "Pacific Defendants"), and Waterfall Mountain, LLC, Waterfall Mountain USA, LLC, Waterfall International Holdings Limited, William J. Mournes, Gordan Duval, and Mark Zouvas (collectively, the "Waterfall Defendants").  Doc. 285 at 1, 10–14 (Pretrial Order ¶ 4.a.i.–xvi.).  Also, the Pacific Defendants asserted cross-claims for indemnification by the Waterfall Defendants.  *Id.* at 14–15 (Pretrial Order ¶ 4.b.i–ii.).

In summer 2021, the case proceeded to a jury trial on four of plaintiff's claims against the following five defendants:  Kendra Duval (as personal representative for the Estate of Gordan

Duval), Charles Elfsten, Mark M. Hasegawa, William J. Mournes, and Mark S. Zouvas.  After a four-day trial, the jury returned a verdict for plaintiff.  Doc. 442.

On September 28, 2021, the court entered Judgment against defendants and awarded plaintiff compensatory and punitive damages on its RICO, RICO conspiracy, fraud, and civil conspiracy claims.  Doc. 451.  Then, on March 11, 2022, the court entered a Second Amended Judgment that awarded plaintiff its attorney's fees and expenses.  Doc. 460.  Five defendants appealed that Second Amended Judgment to the Tenth Circuit.  Doc. 461.  The Tenth Circuit now has abated that appeal and remanded the matter to this court for the limited purpose of addressing the finality of the Judgment.  *See* Doc. 476.

Specifically, the Tenth Circuit identified six claims that the district court had not entered Judgment against in its Second Amended Judgment.  They include:

1.   **Breach-of-contract claim against Pacific National Capital.**  In Count I of its Second Amended Complaint ("SAC"),[1] Watchous Enterprises, LLC ("Watchous") asserted a breach-of-contract claim against Waterfall Mountain USA LLC, Waterfall Mountain LLC, Waterfall International Holdings Limited (collectively "Waterfall"); and Pacific National Capital ("Pacific").   While the district court entered final judgment against Waterfall on Count I, *see* ECF No. 82 (Nov. 6, 2017), it did not enter judgment on that claim against Pacific.

2.   **Breach of loan and joint venture placement agreements claim against Pacific.**  In Count III of the SAC, Watchous claimed that Pacific breached the loan-placement-agreement and joint-venture-placement agreement it had entered into with Watchous.  The district court did not enter judgment on this claim.

3.   **Civil conspiracy-to-defraud claim against Waterfall.**  In Count VI of the SAC, Watchous asserted a civil conspiracy-to-defraud claim against all

---

[1]     The references to the Second Amended Complaint's Counts correspond to the claims asserted in the Pretrial Order.  *See* Doc. 285 at 1, 10–15 (Pretrial Order ¶ 4.a.i.–xvi., b.i–ii.).  As the Circuit acknowledged in its Order remanding the appeal, the Pretrial Order "'supersedes the pleadings and controls the subsequent course of litigation'" and it "'measures the dimensions of the lawsuit, both in the trial court and on appeal.'"  Doc. 476 at 2–3 n.1 (quoting *Burke v. Regalado*, 935 F.3d 960, 1005 (10th Cir. 2019)).

Defendants.  The district court did not enter judgment on this claim with respect to Waterfall.

4.      **Breach of Letter of Intent claim against Waterfall.**  Although not clearly articulated in the SAC, the district court's August 21, 2019 pretrial order identifies the following claim:  "Waterfall Mountain International Holdings breached the Letter of Intent by failing to refund Watchous' $175,000 upon termination of the Letter of Intent as agreed."  The district court did not enter final judgment against Waterfall on this claim.

5.      **Fraud-by-silence claims against Mournes, Zouvas, and Duval.**  The pretrial order also lists fraud-by-silence claims against Defendants William J. Mournes, Mark S. Zouvas, and Kendra Duval.  The district court did not enter final judgment on these claims.

6.      **Indemnification Crossclaim by Pacific, Charles A. Elfsten, and Mark M. Hasegawa against Waterfall.**  In their joint answer to the SAC, Pacific and Messrs. Elfsten and Hasegawa (collectively, the "Pacific Defendants") asserted an indemnification crossclaim against Waterfall with respect to Watchous' claims for breach of the parties' settlement agreement. Although the district court granted summary judgment to the Pacific Defendants on the indemnification crossclaim, *see Watchous* [*Enters.*]*, LLC v.* [*Pac. Nat'l Cap.*], [No.] 16-1432-JTM, 2020 WL 1233753, at *41 (D. Kan. Mar. 13, 2020), it did not enter final judgment on that claim.

Doc. 476 at 2–3.

Plaintiff has filed a "Motion to Correct Oversight in Judgment."  Doc. 475.  It asks the court to amend the Second Amended Judgment under Fed. R. Civ. P. 60(a) to correct a mistake in the Second Amended Judgment by amending it to enter judgment against the six claims identified in the Tenth Circuit's Order.  Rule 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  The Rule permits the court to "do so on motion or on its own, with or without notice[,]" but "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."  *Id.*  Here, the Tenth Circuit has abated the appeal and remanded the matter to this court to resolve the issues involving the finality of the Second Amended Judgment.  *See* Doc.

476 at 3–4.  Thus, this court has the appellate court's leave to amend the Second Amended Judgment under Rule 60(a).[2]

Plaintiff asks the court to enter judgment against it on the claims identified in paragraphs 1 through 4 of the Circuit's Order.  Doc. 475 at 3.  Plaintiff concedes that it abandoned these claims by not presenting them to the jury.  *Id.* (citing *Harris v. City Cycle Sales, Inc.*, No. 21-2264-EFM, 2022 WL 1102648, at *4 (D. Kan. Apr. 13, 2022)); *see also Selrahc v. Burruss*, 233 F. App'x 819, 822 n.1 (10th Cir. 2007) (recognizing that litigant had "abandoned" certain claims "at trial" and didn't submit them to the jury).  Defendants Kendra Duval (as personal representative for the Estate of Gordan Duval), Charles Elfsten, Mark M. Hasegawa, William J. Mournes, and Mark S. Zouvas (collectively, the "Individual Defendants") agree that plaintiff has abandoned the claims identified in paragraphs 1 through 4.  Doc. 478 at 1.  Thus, the court grants plaintiff's request to amend the Judgment to reflect that plaintiff has abandoned the claims described in paragraphs 1 through 4.[3]

For the claim identified in paragraph 5, plaintiff asserts that the jury found that defendants Charles Elfsten and Mark Hasegawa caused plaintiff $175,000 in damages for the acts of fraud previously found by the court on summary judgment.  *See* Doc. 475 at 3; *see also* Doc. 479 at 1 (asserting that there's not "any dispute concerning what the terms of the final

---

[2]     Five defendants have responded to plaintiff's "Motion to Correct Oversight in Judgment."  Doc. 478.  They agree that the court has authority to address the omissions from the Second Amended Judgment by amending the Judgment under Rule 60(a).  *Id.* at 1.

[3]     Plaintiff's Reply attaches a proposed Third Amended Judgment that dismisses the claims identified in paragraphs 1 through 4 of the Circuit's Order.  Doc. 479-1.  Also, the proposed Judgment resolves the remaining claims identified by the Circuit's Order.  *Id.*  In an informal correspondence to the court, counsel for the Individual Defendants reported that they have no objections to entry of plaintiff's proposed Third Amended Judgment, subject to their preserving all of their existing rights to appeal the portions of the Judgment pertaining to them.  Based on this agreement, the court enters a Third Amended Judgment that substantially adopts the language proposed by plaintiff and agreed to by the Individual Defendants.

judgment should be"); Doc. 479-1 at 3 (agreeing with the Individual Defendants' assertion that

the district court granted summary judgment on the fraud-by-silence claims against Charles

Elfsten and Mark Hasegawa but not the other individual defendants).  And plaintiff asks the

court to enter judgment on the fraud-by-silence claim against defendants Charles Elfsten and

Mark Hasegawa in the amount of $175,000, but not increase plaintiff's overall damage award

because the damages are duplicative of other judgments entered by the court on other claims.

*See* Doc. 475 at 3; *see also* Doc. 479-1 at 3.  Also, plaintiff asks the court to enter judgment

against plaintiff's fraud-by-silence claims asserted against defendants William Mournes, Mark

Zouvas, and Kendra Duval (as personal representative of the Estate of Gordan Duval) because

plaintiff abandoned these claims by not submitting them to the jury.  Doc. 479-1 at 3.  The

Individual Defendants agree that the court should amend the Judgment to reflect that plaintiff has

abandoned the fraud-by-silence claims against defendants William Mournes, Mark Zouvas, and

Kendra Duval (as personal representative of the Estate of Gordan Duval).  Doc. 478 at 2.  Thus,

the court grants plaintiff's request to amend the Judgment to include a judgment against

defendants Charles Elfsten and Mark Hasegawa on the fraud-by-silence claim (but not increasing

plaintiff's overall damage recovery) and dismiss the fraud-by-silence claims against defendants

William Mournes, Mark Zouvas, and Kendra Duval (as personal representative of the Estate of

Gordan Duval) because plaintiff abandoned the claim against these three defendants.

For paragraph 6, plaintiff asserts that the court granted Pacific National Capital

Partial Summary Judgment on its cross claim for indemnification.  Doc. 475 at 3 (citing Doc.

335 at 92).  So, plaintiff asks the court to include that judgment in an amended judgment or deem

it abandoned.  *Id.*  The Individual Defendants agree that defendants Pacific National Capital,

Charles Elfsten, and Mark Hasegawa secured summary judgment on their indemnification claims

and never waived the claims.  Doc. 478 at 2–3.  Thus, they ask the court to enter judgment for Pacific National Capital, Charles Elfsten, and Mark Hasegawa on the indemnification claims.  *Id.* Plaintiff's Reply to the motion agrees with this assertion.  Doc. 479 at 1 (explaining that plaintiff doesn't "believe there is any dispute concerning what the terms of the final judgment should be").  And plaintiff has submitted a proposed Third Amended Judgment that enters judgment for Pacific National Capital, Charles Elfsten, and Mark Hasegawa on the indemnification claims. Doc. 479-1 at 5.  Consistent with the parties' agreement, the court amends the Judgment to include judgment in favor of Pacific National Capital, Charles Elfsten, and Mark Hasegawa on their indemnification claims identified in paragraph 6 of the Circuit's Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Watchous Enterprises, LLC's "Motion to Correct Oversight in Judgment" (Doc. 475) is granted.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to enter a Third Amended Judgment consistent with this Order.

**IT IS SO ORDERED.**

**Dated this 23rd day of May, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
